## CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed April 4, 1905.

LLOYD WILKINSON, ETC.,

VS.

MONUMENTAL MUTUAL LIFE INSURANCE COMPANY.

*Thomas G. Hayes, D. G. McIntosh & Son, Gans & Haman, Baldwin & Baldwin, Coe & Hammond, Hyland P. Stewart, R. B. Tippett & Bro., W. S. Bansemer, Clifton D. Benson* and *George M. Upshur* for exceptants.

DENNIS, J.—

I see no reason why any different principle of distribution should be applied in this case from that adopted by the Court of Appeals in the case of the Iron Hall, 83 Md. There the matured certificate-holders were treated as creditors from the date of such maturity, and given a preference as such.

The fact that in this case the policy calls for a sum "not exceeding $1,000," while in the case of the Iron Hall it called for the sum of $1000 makes no difference; as it is the *fact* of the *maturity* of the contract, which fixes the relation, and not the fact that the exact amount is to be determined under certain rules instead of being absolutely fixed on the face of policy. Nor does the source from whence this fund was derived justify me in establishing a new equity for its distribution, in view of the principle so emphatically laid down by the Court of Appeals.

No sufficient objection has been shown to account "A"; I shall, therefore, ratify accounts "A" and "C".

As no testimony has been taken in the case, I can only state what I regard as the *proper principle* of distribution; but if it be true, as stated by counsel for exceptants, that the claims of certain matured policyholders are excluded in account "C" because of non-payment of fines or assessments *after* the maturity of their policies, this will be corrected by allowing such policyholders their claims out of the fund still in the hands of the receivers so as to place them on an even footing with those preferred in account "C" instead of putting the estate to the expense of stating a new account; it being the ruling of the court that, after the policies *once matured,* the holders were liable to no fines or assessments and hence could not be suspended or have their policies marked lapsed.